**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,**
**Appellant,**

v.

**PRO–FOOTBALL, INC., d/b/a**
**Washington Redskins, et**
**al., Appellees.**

No. 94–7111.

United States Court of Appeals,
District of Columbia Circuit.

April 2, 1996.

Robert B. Cave, Washington, DC, for appellee Pro–Football, Inc. With him on the petition were Peter W. Tredick, John G. Roberts, and Mark J. Larson.

Richard Ben–Veniste, Washington, DC, and Jeffrey L. Kessler, New York City, for appellant.

Before WILLIAMS, SENTELLE, and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

This matter is before us on the motion of Pro–Football, Inc. ("Redskins" or "appellee"), for rehearing of our prior decision, reported at 56 F.3d 1525 (D.C.Cir.1995), in which we held that the issues before us had become moot and ordered a vacatur of the judgment of the District Court. Because appellee convincingly demonstrates that the mootness occurred not by the passage of time as we previously held, but by the voluntary act of the losing party below, we agree that our order of vacatur was inappropriate and therefore vacate that portion of our prior order and leave in place the original judgment of the District Court.

## BACKGROUND

While we set out more fully the factual antecedents of the present controversy in our prior opinion, *see* 56 F.3d at 1526–28, briefly put, the National Football League Players Association ("NFLPA") brought suit in District Court to enforce an arbitration award and enjoin the Redskins from using players who had not paid either union dues or service fees as required by the League's collective bargaining agreement. The District Court held that the arbitration award erroneously applied District of Columbia law when in fact Virginia law should have governed, denied the relief sought by NFLPA, and declared the arbitration award unenforceable. *National Football League Players Ass'n v. Pro–Football, Inc.*, 857 F.Supp. 71, 80 (D.D.C. 1994).

By the time we heard the case on appeal, the final game of the 1993–94 professional football season for which NFLPA had sought the suspension of Redskins players had been played, the NFLPA was seeking no other relief, the Redskins moved to dismiss for mootness, and we allowed the motion. Because we perceived the mootness as having been caused by the passage of time, we ordered the District Court judgment vacated. Appellee now moves us to reconsider our order of vacatur and reinstate the judgment of the District Court.

## ANALYSIS

As we noted in our original opinion, "[t]he established practice in federal court in dealing with civil cases which have become moot is to reverse or vacate the judgment below and remand with a direction to dismiss." 56 F.3d at 1530 (citing *United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950)). However, this practice of vacatur arises from the neutral factual matrix "in which the cause has 'become moot due to circumstances unattributable to any of the parties.'" 56 F.3d at 1530 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, —— U.S. ——, ——, 115 S.Ct. 386, 390, 130 L.Ed.2d 233 (1994)). As vacatur is an equitable doctrine, we are not to apply it where "the party

seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp,* — U.S. at —, 115 S.Ct. at 391. In our prior opinion, we applied the doctrine of vacatur because it appeared to us, incorrectly as it turns out, that the mootness of the cause arose from the expiration of the 1993–94 season and from that fortuitous event alone. In its motion for reconsideration, appellee points out that the original prayer for relief in the District Court sought enforcement of the arbitration award by its terms. Under that award, although the immediate concern of all parties was the ability of the resisting players to participate in the last game of the season, each player who had not been paying his agency dues would have been suspended until he satisfied his obligation to pay all overdue union dues or service fees, even if that suspension should extend into subsequent seasons. However, the reason that further prayer for relief did not remain before the court at the time of our prior opinion is that the NFLPA expressly abandoned, indeed disavowed, any prayer for relief beyond the 1993–94 season.[1]

Thus, under the *Bancorp* exception to the equitable doctrine of vacatur upon mootness, we should not have ordered the vacatur of the District Court judgment. This is so because a party who has "caused the mootness by voluntary action … forfeit[s] [its] legal remedy" and "thereby surrender[s] [its] claim to the equitable remedy of vacatur." *U.S. Bancorp,* — U.S. at —, —, 115 S.Ct. at 391, 392.

## CONCLUSION

For the reasons set forth above, we grant appellee's petition for rehearing. We re-adopt and re-affirm our original judgment as to mootness, except insofar as it ordered the vacatur of the District Court judgment. Accordingly, the appeal of the NFLPA is dismissed, and the judgment of the District Court shall stand.

---

1. In parallel litigation in the courts of the Commonwealth of Virginia the NFLPA declared that it had abandoned all attempts to gain relief beyond the 1993–94 season. *See* Affidavit of Douglas F. Allen, NFLPA Assistant Executive Director, at 3 (June 7, 1994), and Response of NFLPA to Complainants' Second Request for Admissions at 9 (July 8, 1994), *Orr v. National Football League Players Ass'n,* 1994 WL 695340, 147 L.R.R.M. (BNA) 2845 (Va.Cir.Ct.1994) (No. 15460), *appeal refused,* 1995 WL 540058, 150 L.R.R.M. (BNA) 2191 (Va.1995).